

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



HARRIET CUMBIE, et al.,

    Plaintiffs,

vs.                                         CASE NO. CV-02-J-1595-S

CATERPILLAR LOGISTICS
SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is defendant Caterpillar Logistics Services, Inc.'s ("Caterpillar") motion for summary judgment (doc. 36).[1]

### I. Factual Background

The plaintiff sued Caterpillar for violations of Alabama tort law, specifically claims of invasion of privacy, negligent supervision, and negligent retention.[2] In

---

[1] There were originally five plaintiffs, four of which settled their claims. This leaves only Carla King's claim for this court to consider. While the original five plaintiffs claimed harassment from three Caterpillar employees, King only claims she was harassed by Willis and Britton.

[2] The plaintiff argued in her opposition brief that she brought §1981 claims, that the defendant failed to address the outrage and assault and battery claims, and thus has conceded these claims. However, the plaintiff never pled under §1981, and only pled claims of invasion of privacy and negligent supervision and retention. The plaintiff tried to amend her complaint to

-1-



the light most favorable to the plaintiff the facts of the case are as follows:

Plaintiff, Carla King, contends she was sexually harassed by two fellow employees (Arthur Willis and Barnell Britton) at the Bessemer Caterpillar facility. Plaintiff depo. at 105.

The plaintiff asserts that Willis put his hands on her waist and brushed up against her on at least two occasions (Plaintiff depo. at 109-115); told her he was "freaky" while rolling his hips (Plaintiff depo. at 121-123); told her "if you keep bending over that box, I'll put you over in it" (Plaintiff depo. at 111); told her "don't let me catch you while you're squatting down" (Plaintiff depo. at 134-137); and said that his "woodie was getting hard" in response to watching her dance with a fellow employee in the workplace (Plaintiff depo. at 141-145). Carla King never reported Willis' conduct to anyone in Caterpillar management. Plaintiff depo. at 123-4, 133, 138, 141, 144, 163.

The plaintiff asserts that Britton made comments of sexual nature including: "that bitch", "mother fucking whore", and "I don't want you bitch, I want to fuck your daughter, your baby daughter." Plaintiff depo. at 166-167. She reported some of Britton's conduct in December of 2001 to Melanie Syx, a group Coach at

---

include the other claims, but the motion was denied.

Caterpillar, and to Frank Chiong. In response, King was instructed that she would no longer report to Britton. Plaintiff depo. at 171-178. She contends that Britton continued to call her a "fat bitch" but that she failed to report it to anyone in Caterpillar management. Plaintiff depo. at 178-181.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56 (c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, at 477 U.S. at 322-23. The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"*Celotex*, 477 U.S. at 324 *quoting* FED.R.CIV.P. 56(c), 56(e). To meet this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts."*Matsushita Elec. Indus. Co. v Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must also demonstrate that there is a "genuine issue for trial." FED.R.CIV.P. 56(c); *Matsushita*, 475 U.S. at 587; *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment."*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

### III. Legal Analysis

The plaintiff brings claims of invasion of privacy, negligent supervision, and negligent retention. For Caterpillar to be held liable for employees' tortious conduct, the plaintiff must show that Willis and Britton were acting "in the line and scope of their employment", *Busby v. Truswal Sys. Corp.*, 551 So.2d 322, 326

(Ala. 1989), *citing Jessup v. Shaddix*, 275 Ala. 281, 154 So.2d 39, 40 (1963); that the acts were in the furtherance of Caterpillar's business, *Solmica of the Gulf Coast, Inc. v. Braggs*, 232 So.2d 638, 642 (1970); or that Caterpillar participated in, authorized or ratified the wrongful acts. *Joyner v. AAA Cooper Transp.*, 477 So.2d 364, 365 (Ala. 1985). To determine whether conduct is within the line and scope of employment, the court looks to the service in which the employee is engaged. *Doe v. Swift*, 570 So.2d 1209, 1211 (Ala. 1990). In *Doe*, the Alabama Supreme Court held that sexual misconduct is outside the line and scope of employment. *Id*. at 1211. *See also Ex parte Atmore Cmty. Hosp.*, 719 So.2d, 1190, 1194 (Ala. 1998) citing *Busby*, 551 So.2d at 327 (where behavior is aimed at "satisfying [one's] own lustful desires. . .no corporate purpose could conceivably be served").

The plaintiff here argues that Caterpillar authorized, participated in, or ratified the conduct of Willis and Britton. To prove ratification the plaintiff must show (1) Caterpillar's actual knowledge of the tortious conduct directed at the employee; (2) that based upon this knowledge the employer knew or should have known that the conduct constituted sexual harassment or tortious conduct; and (3) that the employer failed to take adequate steps to remedy the situation. *Potts v. BE*

*& K Constr. Co.*, 604 So.2d 398, 400 (Ala. 1992).

The plaintiff is unable to show that Caterpillar had actual knowledge of the conduct when she failed to report it. The evidence shows that King never reported Willis' conduct to anyone in Caterpillar management. This claim fails to meet the first essential element of ratification. King does present evidence that she reported Britton's alleged harassing conduct. Because of evidence of this reported complaint, the plaintiff shows that Caterpillar had actual knowledge of Britton's conduct. Assuming, without deciding, that the conduct was tortious, the next question is if it meets the third element of ratification; that the employer failed to take adequate steps in response to the situation. "Adequate" is defined as reasonably calculated to stop the harassment. *Potts,* 604 So.2d at 401. If the evidence shows that an employer acted as soon as possible after learning of the conduct, and took steps to stop the tortious conduct and as a result it stopped, then the steps taken were adequate as a matter of law. *Id.* But if there is evidence that after learning of the tortious conduct, the employer failed to stop the conduct, a question of fact is presented as to the adequacy of the steps taken by the employer. *Id.*

King reported Britton's comments to Caterpillar management in December

of 2001. As a result she was told she would no longer have to report to Britton. King contends that Britton continued to call her a "bitch" after she reported his conduct. However, only one employee ever overheard these comments and King never reported the continuing harassing conduct to anyone in Caterpillar management. Plaintiff depo. at 181-182. King's remaining claim against Britton fails because the plaintiff is unable to show that the defendant had actual knowledge of the conduct. Without defendant having knowledge of said conduct, there is no basis to impose liability on the defendant.

To prove negligent supervision, the plaintiff "must show ... that [the employer] had notice or knowledge (actual or presumed) of [the employee]'s alleged incompetency for [the employer] to be held responsible; demonstrating liability on [the employer]'s part requires affirmative proof that [the employee]'s alleged incompetence was actually known to [the employer] or was discoverable by [the employer] if it had exercised care and proper diligence." *Ledbetter v. United Am. Ins. Co.*, 624 So.2d 1371, 1373 (Ala.1993). "[W]hen repeated acts of carelessness and incompetency of a certain character are shown on the part of the [employee, it is proper] to leave it to the jury to determine whether [these acts] would have come to the [employer's] knowledge had the [employer] exercised

reasonable care." *Patterson v. Augat Wiring Sys., Inc.*, 944 F.Supp. 1509, 1528 -1529 (M.D.Ala.,1996), citing *Mardis v. Robbins Tire & Rubber Co.*, 669 So.2d 885, 889 (Ala.1995). A plaintiff also needs to show that breach of the employer's duty to reasonably supervise his or her employees proximately caused the plaintiff's injury. *See Keel v. Banach*, 624 So.2d 1022, 1026 (Ala.1993) (stating the four elements for recovery under a negligence theory in Alabama: (1) a duty; (2) breach of duty; (3) proximate cause; and (4) injury arising therefrom).

For a claim of negligent retention, the Alabama Supreme Court has held that an employer "must use due care to avoid the ... retention of an employee whom [the employer] knows or should know is a person unworthy, by habits, temperament, or nature, to deal with the persons invited to the premises by the employer." *Brown v. Vanity Fair Mills, Inc.*, 291 Ala. 80, 277 So.2d 893, 895 (1973). Additionally, a plaintiff must show breach of the employer's duty and that such breach proximately caused the plaintiff's injury. *Patterson*, 944 F.Supp. at 1529.

In this case, Caterpillar had no knowledge of the employees' conduct because of the plaintiff's failure to report it. The plaintiff reported Britton's conduct one time, upon which the steps taken by Caterpillar in response to the

complaints were adequate as a matter of law. Because the plaintiff did not report the ongoing behavior of Britton, the defendant could not have knowledge, real or presumed, that Britton may have been "unworthy ... to deal with the persons invited to the premises by the employer. *See Brown, supra.*

### IV. Conclusion

This court, having considered all of the evidence submitted by the parties, finds that the plaintiff fails in her burden to show any evidence sufficient to survive the defendant's motion for summary judgment. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248.

The court having considered the foregoing, and being of the opinion defendant's motion for summary judgement is due to be granted, the court shall grant the defendant's motion for summary judgment by separate Order.

DONE this the ____2____ day of October, 2003.

                                                        INGE P. JOHNSON
                                                        UNITED STATES DISTRICT JUDGE